Filed 6/29/16  P. v. Pierson CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064916 |
| v. | (Super.Ct.No. INF027313) |
| GREGORY THOMAS PIERSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Alissa Bjerkhoel, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Gregory Thomas Pierson appeals from an order denying his motion for reconsideration of his petition for recall of his indeterminate life term and for resentencing under Penal Code section 1170.18.[1]  Among other claims, defendant argues that the trial court erred in denying his petition because there is no evidence to show the value of the stolen property exceeded the statutory maximum of $950 and that the error constituted a denial of his due process rights.  We find no error and affirm the judgment.

I

FACTUAL AND PROCEDURAL BACKGROUND[2]

On June 9, 1997, someone broke into Don Frank's parents' detached eight-car garage and stole his gold coins, a flashlight, a bag of semi-precious stones, and 250 sheets of limited edition Marilyn Monroe collector stamps.  Frank paid $1,600 for the stamps and valued them on that date at $4,800.  Frank called the owner of Steve's Coin and Jewelry Shop, Steve Ahajanian, and alerted him to be on the lookout for anyone trying to sell the stolen items.

The following day, defendant attempted to sell the limited edition stamps to Ahajanian, and police were notified.  When the police responded to the scene, defendant denied that he owned the stamps and attempted to flee.  After he was apprehended, defendant blurted that he found the stamps in a trash can.  While in the backseat of the

---

[1]  All future statutory references are to the Penal Code unless otherwise stated.

[2]  The factual background is taken from the probation officer's report.

2

police car, defendant removed a baggie of methamphetamine from his pocket and attempted to dispose of it behind the seat.

On September 8, 1998, defendant was sentenced to two consecutive 25-year-to-life terms for receiving stolen property (§ 496; count 1), and possession of a controlled substance, to wit, methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 2). The trial court also sentenced defendant to an additional one year pursuant to section 667.5, subdivision (b). On March 17, 2000, the trial court resentenced defendant and imposed the sentence on count 2 concurrently, rendering his total sentence 26 years to life. (See *People v. Pierson* (Dec. 12, 2013, E058798) [nonpub. opn.] (*Pierson I*).)

On November 6, 2012, the electorate passed Proposition 36, also known as the Three Strikes Reform Act of 2012. Among other things, this ballot measure enacted section 1170.126, which permits persons currently serving an indeterminate life term under the "Three Strikes" law to file a petition in the sentencing court, seeking to be resentenced to a determinate term as a second striker. (§ 1170.126, subd. (f).) If the trial court determines, in its discretion, that the defendant meets the criteria of section 1170.126, subdivision (e), the court may resentence the defendant. (§ 1170.126, subds. (f), (g).)

On December 11, 2012, defendant filed a motion to modify his sentence under section 1170.126. The People filed an opposition to defendant's section 1170.126 motion to modify on March 21, 2013. On May 10, 2013, the court denied the section 1170.126

motion based on defendant's criminal record, finding him "a serious and significant danger to society." (See *Pierson I*, *supra*, E058798.)

On May 20, 2013, defendant appealed from the denial of his section 1170.126 motion. On December 12, 2013, in an unpublished opinion, this court affirmed the trial court's order denying defendant's section 1170.126 motion. (See *Pierson I*, *supra*, E058798.)

On November 4, 2014, voters enacted Proposition 47, entitled "the Safe Neighborhoods and Schools Act" (Proposition 47). It went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).) As of its effective date, Proposition 47 classifies as misdemeanors certain drug- and theft-related offenses that previously were felonies or "wobblers," unless they were committed by certain ineligible defendants. (§ 1170.18, subd. (a).)

Proposition 47 also created section 1170.18, a new sentencing provision. Under section 1170.18, a person currently serving a felony sentence or a person who has completed his or her sentence, whether by trial or plea, for an offense that is now a misdemeanor under Proposition 47, may petition before the trial court that entered the judgment of conviction in his or her case to have the felony conviction designated as misdemeanors. (§ 1170.18, subds. (a) & (f).) A person who satisfies the criteria in section 1170.18 shall have his or her sentence recalled and be "resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the

4

petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).)

On November 26, 2014, defendant filed a petition for resentencing and reduction of his offenses to misdemeanors pursuant to section 1170.18. The People filed a response, opposing the petition as to the receiving stolen property conviction because the loss exceeded $950. The People specifically noted, "not eligible under count 1 because loss amount was $5,000.00."[3] The People requested a hearing on count 2, the drug offense, to determine whether defendant posed an unreasonable risk of danger to public safety.

On January 30, 2015, the trial court denied defendant's Proposition 47 petition, finding defendant ineligible on count 1 for receiving stolen property because the value of loss exceeded $950. The court also denied defendant's petition on count 2 for possession of methamphetamine because defendant posed an unreasonable risk of danger to public safety. The court noted that defendant's Proposition 36 petition had already been denied and affirmed on appeal due to a finding that defendant posed an unreasonable risk of danger to public safety.

---

[3] At the time of defendant's original sentencing hearing on September 8, 1998, the parties argued the value of the Marilyn Monroe stamps ranged between $1,200 (face value) and $20,000 (collector's value). In addition, the court ordered defendant to pay restitution pursuant to section 1202.4 in the amount of $5,000. The value of the stamps actually released back to the victim after defendant was arrested was $1,369.

5

On February 6, 2015, defendant filed a request for reconsideration of the denial of his Proposition 47 petition. The court denied defendant's request as to his conviction for receiving stolen property, noting defendant was ineligible because the value of loss was over $5,000. The court, however, set the matter for a hearing on defendant's drug possession conviction on the issue of dangerousness.

The hearing on defendant's request was held on November 13, 2015. Following argument, the trial court again denied defendant's request as to count 1 for receiving stolen property, finding defendant was ineligible because the value of loss exceeded $950. As to count 2 for possession of methamphetamine, the court found defendant did not pose an unreasonable risk of danger to public safety and granted defendant's Proposition 47 petition on count 2. Defendant was thereafter resentenced on count 2 to 364 days, credit for time served and 25 years to life on count 1 for receiving stolen property.

On November 24, 2015, defendant filed a timely notice of appeal.

II

DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him on appeal. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to conduct an independent review of the record.

6

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. In his supplemental brief, defendant asserts that (1) the failure to correctly establish the exact value of the stolen property was in error; (2) a sentence based upon "[m]isinformation of a Constitutional [m]agnitude" violates the due process clause; (3) the matter should be remanded for resentencing to allow the court to strike his prior strike convictions pursuant to section 1385; and (4) his appellate counsel rendered ineffective assistance of counsel by failing to raise arguable issues.

As previously noted, Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors). "Proposition 47: (1) added Chapter 33 to the Government Code (section 7599 et seq.), (2) added sections 459.5, 490.2, and 1170.18 to the Penal Code, and (3) amended Penal Code sections 473, 476a, 496, and 666 and Health and Safety Code sections 11350, 11357, and 11377." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.)

Under section 1170.18, subdivision (a), petty theft (§ 490.2) and receiving stolen property (§ 496, subd. (a)) are offenses that qualify for resentencing if the value of the property is less than $950. A petitioner bears the burden of proof to establish that he or she is eligible for resentencing by showing the value of property involved in an offense did not exceed $950. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879-880.) Section 1170.18 does not require an evidentiary hearing to determine eligibility that is

7

unequivocally established in the record. The trial court may determine eligibility based on the record. (*People v. Brimmer* (2014) 230 Cal.App.4th 782, 805.)

Here, defendant has not established the value of the stolen property was less than $950 to be eligible for resentencing on his conviction for receiving stolen property. On the contrary, the record of conviction shows the value of the stolen property exceeded $950. As such, defendant is ineligible for resentencing on his conviction for receiving stolen property under Proposition 47. We reject defendant's claim that the sentence was based on misinformation or that his due process rights were violated.

In connection with this issue, defendant appears to be arguing that his prior strikes should be dismissed in the interest of justice under section 1385. This argument, however, is not before us. This argument should have been pursued in 1998, when defendant was sentenced for the underlying offenses. The only issue in this appeal is whether the trial court erred in denying defendant's motion to reconsider the denial of defendant's petition under section 1170.18.

Furthermore, defendant argues that his appellate counsel rendered ineffective assistance of counsel by filing his brief under *Anders*, *supra*, 386 U.S. 738 and *Wende*, *supra*, 25 Cal.3d 436. The contention is without merit.

An indigent defendant has the right to effective assistance of counsel on appeal. (*In re Spears* (1984) 157 Cal.App.3d 1203, 1210.) A claim of ineffective assistance of appellate counsel requires a showing of both deficient performance and prejudice. (*In re Reno* (2012) 55 Cal.4th 428, 488.) Appellate counsel has the duty to prepare a legal brief

containing citations to the appellate record and appropriate authority. Counsel must set forth all arguable issues and cannot argue the case against his or her client. (*In re Spears*, at p. 1210.) "[F]or an issue to be an arguable issue on appeal it must be reasonably arguable that there is prejudicial error justifying reversal or modification of judgment." (*Id.* at p. 1211.) "[I]t is not the duty of appellate counsel to 'contrive arguable issues.'" (*Ibid.*) Failure of "appellate counsel to raise crucial assignments of error, which arguably might have resulted in a reversal" deprives an appellant of effective assistance of appellate counsel. (*In re Smith* (1970) 3 Cal.3d 192, 202-203.) However, the fact that appellate counsel followed the procedure set forth in *Wende* and *Anders* is insufficient, by itself, to show appellate counsel has been ineffective. Here, appellate counsel appropriately found no arguable issues.

We have undertaken an examination of the entire record pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106 and *Wende, supra*, 25 Cal.3d 436, and we find no arguable error that would result in a disposition more favorable to defendant. Accordingly, defendant has also failed to meet his burden of proof on the issue of ineffective assistance of appellate counsel. Appellate counsel has complied fully with counsel's responsibilities and the filing of a *Wende* brief was not unprofessional. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-284; *Wende, supra*, at p. 443.)

III

DISPOSITION

The order denying defendant's Proposition 47 petition for recall and resentencing is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


HOLLENHORST
J.


SLOUGH
J.